**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001123
20-JUL-2015
08:47 AM**

NO. CAAP-14-0001123

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LaVONNE HARRISON, Trustee of LaVonne's Family Trust,
a Revocable Living Trust Agreement dated September 28, 1989,
Plaintiff/Counterclaim Defendant-Appellant,
v.
CASA DE EMDEKO, INCORPORATED, a Hawaii nonprofit corporation,
Defendant/Counterclaimant-Appellee,
and
JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-153K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over this appeal that Plaintiff/Counterclaim Defendant-Appellant LaVonne Harrison, Trustee of LaVonne's Family Trust, a Revocable Living Trust Agreement dated September 28, 1989 (**Appellant**) has asserted from a Final Judgment entered on August 22, 2014 in the Circuit Court of the Third Circuit (**circuit court**), because the circuit court

has not yet entered a final judgment that satisfies the requirements for an appealable final judgment under Hawaii Revised Statutes (**HRS**) § 641-1(a) (1993 & Supp. 2014), Rules 54 and 58 of the Hawai'i Rules of Civil Procedure (**HRCP**), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c) (1993). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held that pursuant to HRCP Rule 58, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." . . . . If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example,

"Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawaiʻi has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (citation omitted; original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis).

In this case, although the Complaint asserts two counts and Defendant-Appellee Casa De Emdeko, Incorporated, a Hawaii nonprofit corporation **(Appellee's)** Counterclaim asserts two counts, the Final Judgment does not specifically identify the claim or claims on which the circuit court intended to enter judgment. Further, rather than enter judgment on or dismiss the Complaint and/or Counterclaim, the Final Judgment states in a conclusory manner that "[t]here are no remaining unresolved claims or parties in this action." While describing the requirements for an appealable final judgment, the Supreme Court

of Hawai'i explained that

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). The circuit court's reference in the first paragraph to the order denying Appellant's MSJ and granting Appellee's MSJ is not operative. See HRCP Rule 54(a) ("A judgment shall not contain a recital of pleadings . . . or the record of prior proceedings.").

Because the Final Judgment, on its face, does not expressly resolve all claims against all parties and is not HRCP Rule 54(b)-certified, it does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins. Under these circumstances, the order granting Appellee's MSJ and denying Appellant's MSJ will be eligible for appellate review only by way of a timely appeal from an appealable final judgment under the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-14-0001123, and the appeal is premature. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001123 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, July 20, 2015.

Chief Judge

Associate Judge

Associate Judge